United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJALI WARD,<br><br>            Plaintiffs,<br><br>    v.<br><br>AMERICAN MEDICAL RESPONSE AMBULANCE, et al.,<br><br>            Defendants. | Case No. 23-cv-05402-EMC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT IN ITS ENTIRETY**<br><br>Docket No. 10 |

Presently pending before this Court is the Report and Recommendation by Magistrate Judge Cisneros to dismiss this case in its entirety for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for failure to prosecute pursuant to Federal Rule 41(b). This Court reviews dispositive recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); *U.S. v. Raddatz*, 447 U.S. 667, 673-74 (1980) (ruling that "certain 'dispositive' motions…are covered by § 636(b)(1)(B)," which includes dismissal of an action, and "[a] judge of the court shall make a de novo *determination*" as to the magistrate judge's proposed findings and recommendations when the motion is dispositive and a party has filed an objection) (emphasis in original). The Court **ADOPTS** Judge Cisneros's report and recommendation in full and **ORDERS** this case to be dismissed in its entirety.

On November 16, 2023, Judge Cisneros reviewed Plaintiff Anjali Ward's application to proceed *in forma pauperis*, and thus screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Docket No. 6. Judge Cisneros correctly determined that Ms. Ward failed to state a

claim as to ten individual Defendants[1]; she did not allege facts or claims as to those Defendants. *See* Docket No. 1 (Complaint); Docket No. 6.

Judge Cisneros ordered Ms. Ward to file an amended complaint by January 2, 2024. Docket No. 6. Judge Cisneros also set a case management conference and corresponding deadline for a status report to be filed by February 15, 2022. Docket No. 7. Ms. Ward did not file an amended complaint or a status report. On February 16, 2024, Judge Cisneros issued an Order to Show Cause Why the Action Should Not be Dismissed and Resetting Initial Case Management Conference ("OSC"). Docket No. 9. The OSC ordered Ms. Ward to show cause why the action should not be dismissed in its entirety for failure to prosecute and to indicate if she intended to proceed with the Complaint without amending as to the ten individual Defendants. *Id.* The deadline to respond was March 1, 2024. *Id.* Ms. Ward failed to respond to the OSC and has not filed anything on the docket since that time. The instant report and recommendation was filed on April 17, 2024. Docket No. 10. Any objection by Ms. Ward was to be filed by May 1, 2024. *Id.* Ms. Ward has not filed an objection though the deadline passed a week ago.

Accordingly, the Court finds that the case should be dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) regarding claims against the ten enumerated individual Defendants identified during the IFP screening, and for failure to prosecute pursuant to Federal Rule 41(b) as to the entire action.

This order disposes of Docket No. 10 and dismisses the case in its entirety. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 8, 2024

_____
EDWARD M. CHEN
United States District Judge

---

[1] Specifically, Defendants Jonathan Downie, Greg Sawyer, Chau Nguyen, Kim Yang, Andrew Rozner, Dave Manzeck, Marco Paez, Jonathan Daniels, Ryan Lipkin, and Mary FitzSimons.